IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARIUS WILLIAMS**                                                                                   **PLAINTIFF**

VS.                                                                         CAUSE NO.: 3:23-cv-2982-CWR-LGI

**MADISON COUNTY, MISSISSIPPI,
SHERIFF RANDY TUCKER, IN HIS
OFFICIAL CAPACITY, DEPUTY
JOHN LOVE, DEPUTY JOHN MCDONALD,
and DEPUTY JOHN DOES 1-2, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES**                               **DEFENDANTS**

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW, Plaintiff, Darius Williams, ("Plaintiff"), by and through counsel, and files this, *COMPLAINT* against Madison County, Mississippi, Sheriff Randy Tucker, in his official capacity, Deputy John Love, Deputy John McDonald, and Deputy John Doe 1-2, in their individual and official capacities to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of the Plaintiff's Fourth (4th), Eighth (8th), and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, made actionable pursuant to 42 U.S.C. §1983, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from county law enforcement evincing reckless disregard for the Plaintiff made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to-wit:

**PARTIES**

1. Plaintiff, Darius Williams, is an adult resident citizen of Rockwall and Kaufman Counties, residing at 3000 Hereford Drive, Heath TX, 75126.

1

2. Defendant Madison County ("Madison Co.") is a governmental entity that may be served with process upon Ronny Lott, Chancery Clerk, located at 146 W. Center Street, Canton, MS 39046. As part of its function Madison Co. operates Madison County Sheriff's Department. In this capacity, its employees who were involved in the incident at issue are either named below or "John Does" in the Complaint.

3. Defendant Sheriff Randy Tucker ("Sheriff Tucker") is an adult resident citizen of Madison County, employed by Madison County, and he may be served with process at his place of employment Madison County Sheriff's Department, located at 2941 U.S. Highway 51, Canton, MS 39046.

4. Upon information and belief, Defendant John Love, John McDonald, and John Does 1 – 2 ("Does") are adult resident citizens of the State of Mississippi, employed with Madison County. Plaintiff is ignorant as to the precise identities of Defendant John Love, John McDonald, and John Doe 1 – 2 who are unknown deputies, employees, agents, and/or servants of the Madison County and/or Defendants. As their identities are learned, the Plaintiff will amend this Complaint to allege their true names and allege that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their misconduct. Plaintiff, upon information and belief, assert that the Defendants were the deputies, agents, servants, and employees of the Defendants herein, and were at all times acting under color of law with the permission and consent of Defendants within the course and scope of their respective employment.

## JURISDICTION and VENUE

5. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under the U.S. Constitution particularly 4th, 8th, and 14th Amendments and 42 U.S.C. §1983 and §1988. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law clams of negligence and intentional torts.

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interest and costs exceeds $100,000 (One Hundred Thousand Dollars).

## FACTS

7. This is a claim for Federal law violations, State law negligence, and intentional torts filed by Plaintiff. These violations caused pain and suffering of Darius Williams on or about February 2nd, 2022.

8. On or about February 2nd, 2022, Plaintiff Darius Williams was held in the Madison County Detention Center.

9. While a detainee, Mr. Williams was assaulted by Deputy John Love, Deputy John McDonald, and Deputy John Doe 1-2.

10. At all times pertinent to the assault, Mr. Williams was in handcuffs and in his cell.

11. Following the assault, Mr. Williams was placed on lockdown inside his cell.

12. Mr. Williams received medical assistance following the assault but was never transferred to the hospital.

13. Darius Williams suffered two broken jaws because of the assault.

14. Mr. Williams later underwent a surgical procedure to have plates fixed to his jaw.

15. At all relevant times, the Defendants John Love, John McDonald, and John Does 1-2 were working in their individual and official capacities, as deputies for Madison County.

16. At all relevant times, Defendant Sheriff Tucker was the commanding officer of the Madison County Sheriff's Department throughout the entire incident and was responsible for the actions and/or omissions of the aforementioned deputies. Sheriff Tucker was also responsible for ensuring that Mr. Williams was kept safe and there was no violation of his constitutional rights. Sheriff Tucker failed to keep Plaintiff safe from harm caused by the acts of those under his command.

17. The resulting injuries sustained by Plaintiff were caused solely by the Defendants, in violation of Plaintiff's Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Plaintiff contributing thereto. A notice of claim was timely filed with Defendants.

**FIRST CAUSE OF ACTION**

**(Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)**

18. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. Defendants Love, McDonald, and Does assaulted Plaintiff in his cell, thereby violating Mr. Williams' due process rights. Defendants used excessive physical force,

implemented cruel and unusual punishment, and violated Mr. Williams' right to be free from cruel and unusual punishment. Mr. Williams was a detainee under the control of the state, and these acts were an unconstitutional violation of Mr. Williams' 4th and 14th Amendment rights.

20. As a result, Mr. Williams suffered serious injuries, pain and suffering, and fear of impending death.

## SECOND CAUSE OF ACTION

### (Negligent Training, Supervision and Retention as to Defendants Madison County, MS and Sheriff Randy Tucker)

21. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. At all relevant times, Defendant Madison County and Defendant Sheriff Tucker had a duty to screen applicants for hire to its Sheriff's Department, retain to its Sheriff's Department, or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, those that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological racists, biased and/or physiological traits or characteristics unsuitable, unstable, or contradicted for such employment.

23. At all relevant times, it was the duty of Defendant Madison County and Defendant Sheriff Tucker to sufficiently hire, train and retain personnel within the Sheriff's Department and at the supervisory and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their deputies, servants, agents, and/or personnel.

24. Upon information and belief, the individually-named Madison County Sheriff's Department personnel included Defendants Love, McDonald, and Does that assaulted the plaintiff, failed to properly supervise each other, and failed to intercede and stop the illegal acts being taken against him. The personnel were improperly trained, supervised, and retained by Defendants Madison County and Sheriff Tucker. Furthermore, these individually-named Defendants responsible for Mr. Williams' injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

25. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant deputies and personnel, the Plaintiff was caused to suffer great injuries, without fault or contribution of his own.

## THIRD CAUSE OF ACTION

**(Supervisory Liability under 42 U.S.C. §1983)**

26. Plaintiff hereby repeats and re-alleges each and every allegation in paragraph 1 through 25, inclusive, as if fully set forth herein.

27. Upon information and belief, among the individually-named Defendants were supervisors, like Sheriff Tucker, who was assigned to supervise and control the actions of the unidentified John Does, and the partially identified John Love and John McDonald.

28. These Defendants thus violated their supervisory duties by failing to ensure that the deputies under their supervision properly monitored, cared for and protected those similar to plaintiff. By participating in the vicious attack on Mr. Williams without justification, these supervisory officials violated §1983's requirements. They also

failed to limit the attack, thereby making the use of force excessive and the punishment cruel and unusual.

## FOURTH CAUSE OF ACTION

### (Failure to Intervene under 42 U.S.C. §1983)

29. Plaintiff hereby repeats and re-alleges each and every allegation in paragraph 1 through 28, inclusive, as if fully set forth herein.

30. Each of the individually named deputy Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the excessive force utilized against Mr. Williams. They also failed to provide proper medical care to Mr. Williams, despite their knowledge of his serious medical needs.

31. The failure of these Defendants to do so contravened Mr. Williams' constitutional rights and violated 42 U.S.C. §1983. As a result, Mr. Williams suffered serious physical injuries.

## FIFTH CAUSE OF ACTION

### (Negligence of Defendants)

32. Plaintiff hereby repeats and re-alleges each and every allegation in paragraph 1 through 31, inclusive, as if fully set forth herein.

33. Defendants Love, McDonald, and Doe 1-2 negligently failed to provide for the safety, security and protection of the Plaintiff by failing to comply with the County Sheriff's Department's own rules of conduct as it related to use force against civilians, who have committed no act of wrongdoing or criminal activity. Madison County had implemented a set of guidelines regarding use of force that prohibited the assault and battery of defenseless detainee. The named Defendants' failure to do so was in

violation of these policies and constituted negligence including the negligent infliction of emotional distress.

34. As a result of the foregoing, Plaintiff sustained serious physical injuries that resulted in significant injuries including pain and suffering, and mental and emotional anxiety.

## SIXTH CAUSE OF ACTION

### (Intentional Torts under Mississippi State Law – Assault and Battery)

35. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. As a result of the Defendants' actions, including the assault of Plaintiff by the deputies without justification, the Plaintiff was wrongfully assaulted without just or probable cause or provocation. These actions also resulted in the intentional infliction of emotional distress.

37. As a result of the foregoing, the Plaintiff suffered serious physical injuries, pain, and mental and emotional anguish.

## SEVENTH CAUSE OF ACTION

### (Negligent/Intentional Infliction of Emotional Distress)

38. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. Plaintiff claims that he suffered serious emotional trauma/distress as a result of the Defendants' actions/misconduct towards him and his toddler.

40. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness,

anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope.

**EIGHTH CAUSE OF ACTION**

**(Negligence Per Se on the part of Defendants)**

41. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. Defendants owed and breached duties in whole or in part defined by statute, rule, ordinance, or other policy, procedure, and practice which was in whole or in part in place to guard against, prevent, limit, or reduce actions and inactions such as the kind which occurred. Plaintiff was in the class of people who were intended to be protected by the rules referred to above when considering the rules regarding community policing according to appropriate standards were there so as to prevent or eliminate the serious injuries to Plaintiff. Plaintiff reserves the right to outline or delineate specific rules violated depending on discovery and at trial.

43. In the alternative and in addition, Plaintiff claims and reserves the right to claim the acts and omissions referred to in this Court and incorporated through the Section of Facts constituted gross negligence and in wanton reckless disregard when all factors are considered as a whole.

44. As a direct and proximate result of the foregoing, Plaintiff suffered significant injuries including but not limited to pain and suffering, and mental anguish as may be further illustrated at trial.

## **NINTH CAUSE OF ACTION**

### **(Separate Claims of Negligence, Gross Negligence and Reckless Disregard for act and omissions related to holding Defendant Does Accountable)**

45. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 44, inclusive, as if fully set forth herein.

46. Defendants owed and breached their duties to take adequate affirmative steps to work adequately with the appropriate prosecuting authorities, investigators and personnel both within the County, State authorities, and Federal authorities so as to allow, cause, advance, and to take reasonable steps to cause the appropriate and timely punishment, and/or disciplinary measures, and/or ultimate prosecution of Defendants Love, McDonald, and Doe 1-2 who were responsible for the acts and omissions referred to above. Defendants have unreasonably delayed and continue to delay in taking responsible steps to assure accountability under rule of the Department, or law designed impose criminal and/or civil remedies against Defendants for their failures as outlined in this Complaint.

47. In the alternative and in addition, Plaintiff claims and reserves the right to claim the acts and omissions referred to in this Court and incorporated through the Section of Facts constituted gross negligence and in wanton reckless disregard when all factors are considered as a whole.

48. As a direct and proximate result of the foregoing, Plaintiff suffered significant injuries including but not limited to pain and suffering, and mental anguish, as may be further illustrated at trial.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, including compensatory damages, punitive damages

against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1983, pre-judgment interest, post-judgment interest, attorney's fees, and all costs of this proceeding with such final amount being at least $1,000,000 or an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

Respectfully submitted, this the 3rd day of October, 2023.

                                   **DARIUS WILLIAMS, Plaintiff**

                      **By:**    */s/ Carlos E. Moore*
                                **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com