IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARIUS WILLIAMS**                                                                             **PLAINTIFF**

VS.                                                                        **CAUSE NO.: 3:23-CV-2982**

**MADISON COUNTY, MISSISSIPPI,**
**YASCHIA LOVE, DEPUTY JUSTIN MCDONALD,**
**And DEPUTY JOHN DOES 1-2**
**IN THEIR INDIVIDUAL AND**
**OFFICIAL CAPACITIES**                                               **DEFENDANTS**

**SECOND AMENDED COMPLAINT**
**(Jury Trial Demanded)**

---

COMES NOW, Plaintiff, Darius Williams, ("Plaintiff"), by and through counsel, and files this, *SECOND AMENDED COMPLAINT* against Madison County, Mississippi, Deputy Yaschia Love, Deputy Justin McDonald and John Does 1-2, in their individual and official capacities to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of the Plaintiff's Fourth (4th), Eighth (8th), and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, made actionable pursuant to 42 U.S.C. §1983, and attorney's fees pursuant to 42 U.S.C. §1988, and would show unto the Honorable Court the following, to-wit:

**PARTIES**

1. Plaintiff, Darius Williams, is an adult resident citizen of Rockwall and Kaufman Counties, residing at 3000 Hereford Drive, Heath TX, 75126.

2. Defendant Madison County ("Madison Co.") is a governmental entity that may be served with process upon Ronny Lott, Chancery Clerk, located at 146 W. Center Street, Canton, MS 39046. As part of its function Madison Co. operates Madison County

1

Sheriff's Department. In this capacity, its employees who were involved in the incident at issue are either named below or "John Doe" in the Complaint.

3. Deputy Yaschia Love is an adult resident citizen of Madison, Mississippi, formerly employed by Madison County, and, upon information and belief, she may be served with process at her place of residence, 6675 Old Canton Road, Apartment 1145, Ridgeland, MS 39157-1333.

4. Upon information and belief, Justin McDonald, and John Does 1-2 ("Does") are adult resident citizens of the State of Mississippi, employed with Madison County. Plaintiff is ignorant as to the precise identities of John Does 1-2 who are unknown deputies employees, agents, and/or servants of the Madison County and/or Defendants. As their identities are learned, the Plaintiff will amend this Complaint to allege their true names and allege that each of the fictitiously named Doe Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their misconduct. Plaintiff, upon information and belief, assert that the Defendants were the deputies, agents, servants, and employees of the Defendants herein, and were at all times acting under color of law with the permission and consent of Defendants within the course and scope of their respective employment.

## JURISDICTION and VENUE

5. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights

under the U.S. Constitution particularly 4th, 8th, and 14th Amendments and 42 U.S.C. §1983 and §1988.

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interest and costs exceeds $100,000 (One Hundred Thousand Dollars).

## FACTS

7. On or about February 2nd, 2022, Plaintiff Darius Williams was held in the Madison County Detention Center.

8. While a detainee, Mr. Williams was assaulted by Deputy Yaschia Love, Deputy Justin McDonald, and Deputy John Does.

9. At all times pertinent to the assault, Mr. Williams was in handcuffs and in his cell.

10. Following the assault, Mr. Williams was placed on lockdown inside his cell.

11. Mr. Williams received medical assistance following the assault but was never transferred to the hospital.

12. Darius Williams suffered two broken jaws because of the assault.

13. Mr. Williams later underwent a surgical procedure to have plates fixed to his jaw.

14. At all relevant times, the Defendants Yaschia Love, Justin McDonald, and John Does, were working in their individual and official capacities, as deputies or employees for Madison County.

15. The resulting injuries sustained by Plaintiff were caused solely by the Defendants, in violation of Plaintiff's Civil and Constitutional rights. A notice of claim was timely filed with Defendants.

# FIRST CAUSE OF ACTION

## (Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)

16. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. At all relevant times, the actions involved in this case are the result of the official policy of Defendant Madison County, MS, either the City's implemented policy, or the City's gross negligence of reckless disregard in failing to supervise its employees through their designee chief of police, or the chief's gross negligence or reckless disregard in the training and monitoring of his officers.

18. Defendants Love, McDonald, and Does assaulted Plaintiff in his cell, thereby violating Mr. Williams' due process rights. Defendants used excessive physical force, implemented cruel and unusual punishment, and violated Mr. Williams' right to be free from cruel and unusual punishment. Mr. Williams was a detainee under the control of the state, and these acts were an unconstitutional violation of Mr. Williams' 4th and 14th Amendment rights.

19. As a result, Mr. Williams suffered serious injuries, pain and suffering, and fear of impending death.

# SECOND CAUSE OF ACTION

## (Supervisory Liability under 42 U.S.C. §1983)

20. Plaintiff hereby repeats and re-alleges each and every allegation in paragraph 1 through 19, inclusive, as if fully set forth herein.

21. Upon information and belief, among the individually-named Defendants were supervisors, who were assigned to supervise and control the actions of Yaschia M. Love, John Does, and Justin McDonald.

22. These Defendants thus violated their supervisory duties by failing to ensure that the deputies under their supervision properly monitored, cared for and protected those similar to plaintiff. By participating in the vicious attack on Mr. Williams without justification, these supervisory officials violated §1983's requirements. They also failed to limit the attack, thereby making the use of force excessive and the punishment cruel and unusual.

### THIRD CAUSE OF ACTION

### (Failure to Intervene under 42 U.S.C. §1983)

23. Plaintiff hereby repeats and re-alleges each and every allegation in paragraph 1 through 22, inclusive, as if fully set forth herein.

24. Each of the individually named deputy Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the excessive force utilized against Mr. Williams. They also failed to provide proper medical care to Mr. Williams, despite their knowledge of his serious medical needs.

25. The failure of these Defendants to do so contravened Mr. Williams' constitutional rights and violated 42 U.S.C. §1983. As a result, Mr. Williams suffered serious physical injuries.

### FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

26. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. Plaintiff claims that he suffered serious emotional trauma/distress as a result of the Defendants' actions/misconduct towards him and his toddler.

28. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1983, pre-judgment interest, post-judgment interest, attorney's fees, and all costs of this proceeding with such final amount being at least $1,000,000 or an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

Respectfully submitted, this the 15th day of March, 2024

**DARIUS WILLIAMS, Plaintiff**

By: __/s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**CARLOS MOORE LAW GROUP**

306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: [Carlos@morebymoore.com](mailto:Carlos@morebymoore.com)