IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARIUS WILLIAMS**                                                                 **PLAINTIFF**

VS.                                                              Civil Action No. 3:23-CV-2982-CWR-LGI

**MADISON COUNTY, MISSISSIPPI,**
**YASCHIA LOVE, DEPUTY JOHN**
**LOVE, DEPUTY JOHN MCDONALD, and**
**DEPUTY JOHN DOES 1-2, IN THEIR**
**INDIVIDUAL AND OFFICIAL CAPACITIES**                                **DEFENDANTS**

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Madison County, Mississippi, Deputy Justin McDonald, and Yaschia Love ("Defendants") pursuant to Rule 41(b) of the Federal Rules of Civil Procedure move to dismiss this lawsuit, and show unto the Court as follows:

### BACKGROUND FACTS

Plaintiff Darius Williams ("Plaintiff") brings claims under 42 U.S.C. § 1983 and a state law claim for intentional infliction of emotional distress challenging his conditions of confinement at Madison County Detention Center ("MCDC") in Canton, Mississippi based on alleged excessive force while incarcerated there.[1] [Dkt. #29]. Defendants served discovery on Plaintiff on February 23, 2024. [Dkt. #19]; [Dkt. #20]. Plaintiff served his incomplete, unsworn responses to Defendants' discovery on May 31, 2024. [Dkt. #37]; [Dkt. #38]. On June 24, 2024, Defendants sent a Good Faith Letter to Plaintiff's counsel asking that Plaintiff supplement his deficient discovery responses sworn to by Plaintiff. *See* Exhibit A, Good Faith Letter. A telephonic conference was held with this Court regarding Plaintiff's failure to respond to Defendants' good-faith letter on July 2, 2024 in

---

[1] Plaintiff is currently incarcerated in Bradshaw State Jail in Henderson, Texas.

1

which Defendants presented an *ore tenus* motion to compel Plaintiffs' supplemental discovery responses. On the same day, this Court filed a text-only order granting the motion to compel and requiring Plaintiff to provide such responses requested by Defendants. Plaintiff never complied with this order and has not provided Defendants with his supplemental discovery responses.

Plaintiff's former counsel ultimately filed a Motion to Withdraw as Counsel which this Court granted. [Dkt. #55]; [Dkt. #58]. In this Court's Order Granting Motion of Counsel for Plaintiff to Withdraw, Plaintiff was given forty-five (45) days, until October 10, 2024, to: "(1) retain new counsel to represent him in this case and to have new counsel file an entry of appearance; or (2) notify the Court in writing, with a copy to counsel for Defendants, that Plaintiff intends to proceed pro se in this case." [Dkt. #58]. Plaintiff never notified the Court or Defendants that he intended to proceed pro se prior to the October 10, 2024 deadline.

On November 5, 2024, a telephonic status conference and held with this Court where Plaintiff informed the Court that he intended to proceed pro se. On January 31, 2025, a telephonic discovery conference was held with this Court to address Plaintiff's outstanding supplemental responses to Defendants' written discovery requests. Following this conference, this Court entered a text-only order directing Defendants to provide Plaintiff with a copy of the discovery requests at issue by February 7, 2025, and directing Plaintiff to provide his supplemental responses to these requests by **March 7, 2025**.

Defendants' Good Faith Letter addressing Plaintiff's deficient discovery responses was delivered on February 3, 2025. *See* Exhibit B, Proof of Delivery of February 2, 2025 Good Faith Letter. Defendants never received Plaintiff's supplemental discovery responses. Defendants filed a Motion to Compel the responses on March 11, 2025. [Dkt. #66]. On March 28, 2025, this Court entered a text-only order granting Defendants' Motion and ordering Plaintiff to supplement his

discovery responses and verify those responses within fourteen (14) days, by **April 11, 2025**. That deadline has come and gone. To date, Plaintiff has not provided Defendants with his supplemental, sworn discovery responses.

Plaintiff filed this suit over one and a half years ago, on October 3, 2023. *See* Complaint, [Dkt. #1]. Plaintiff's failure to comply with this Court's orders and failure to adequately respond to Defendants' written discovery has frustrated Defendants' ability to defend this matter and prejudiced the timely and orderly adjudication of Plaintiff's claims. This Court has given Plaintiff ample opportunities to comply with its orders, and he has continuously failed to heed those orders. This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

## LAW AND ARGUMENT

### I.     This Court Should Dismiss This Action for Plaintiff's Failure to Prosecute.

Fed. R. Civ. P. 41(b) allows defendants to move to dismiss an action when a plaintiff has disregarded orders of the Court. It states: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it..." Fed. R. Civ. P. 41(b). This Court has ample authority to dismiss an action, under Rule 41(b), for failure to comply with court orders. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009). Dismissal under Rule 41(b) is generally permitted where "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, Plaintiff has disregarded ***three*** of this Court's orders. The first being his failure to

3

provide supplemental discovery responses as ordered on July 2, 2024 in response to Defendants' *ore tenus* Motion to Compel. The second being his failure to inform the Court that he intended to proceed pro se in this matter by October 10, 2024 as ordered in this Court's Order Granting Motion of Counsel for Plaintiff to Withdraw. [Dkt. # 58]. The third being when Plaintiff failed to provide Defendants with his supplemental discovery responses as ordered in this Court's text-only order granting Defendants' Motion to Compel ([Dkt. #66]).

Plaintiff has willfully and intentionally failed to comply with three Court orders and has ultimately failed to participate in discovery beyond providing inadequate responses to Defendants' discovery requests nearly one year ago. This Court has given Plaintiff ample opportunity to prosecute his case, but he has demonstrated a persistent unwillingness to do so. Based on his continued failure to comply with this Court's orders and failure to participate in discovery, Plaintiff has shown a clear record of delay, and "lesser sanctions would not prompt diligent prosecution." *Berry*, 975 F.2d at 1191. Nothing short of dismissal without prejudice under Fed. R. Civ. P. 41(b) will engender the necessary respect for this Court's orders.

## CONCLUSION

For the reasons discussed above, Plaintiff Darius Williams' claims against Defendants Madison County, Mississippi, Deputy Justin McDonald, and Yaschia Love should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

Respectfully submitted, this the 22nd day of April 2025.

        **MADISON COUNTY, MISSISSIPPPI,**
        **DEPUTY JUSTIN MCDONALD, AND**
        **YASCHIA LOVE, DEFENDANTS**

        BY: /s/ *Meagan E. Guyse*
            MEAGAN E. GUYSE

4

**OF COUNSEL:**

Charles E. Cowan (MB #104478)
Meagan E. Guyse (MB #106648)
WISE CARTER CHILD & CARAWAY, PA
401 E. Capitol Street, Suite 600
Post Office Box 651
Jackson, Mississippi 39205
Telephone: (601) 968-5514
Facsimile: (601) 968-5519
cec@wisecarter.com
meg@wisecarter.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day I electronically filed the above pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record. I further certify I have mailed a copy of the foregoing to Plaintiff at the address listed on the ECF docket of this matter.

    SO CERTIFIED: April 22, 2025

                                                         /s/ *Meagan E. Guyse*
                                                         MEAGAN E. GUYSE