

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
501 E. COURT ST., STE 2.500
JACKSON, MISSISSIPPI 39201

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

E1-18

244679

US POSTAGE (M) PITNEY BOWES

ZIP 39201
02 7H
0006204565

$ 000.69⁰

MAY 06 2025

FIRST-CLASS

RECEIVED
Special Mail — Open
in the presence of the inmate
MAY 27 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 27 2025
ARTHUR JOHNSTON
BY            DEPUTY

RTS

NIXIE         711   DC 1          0005/20/25
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 39201502299        *1766-06300-07-17

**Darius Williams**
Bradshaw State Jail
3900 West Loop 517 N
Henderson, TX 75653

**Other Orders/Judgments**
3:23-cv-02982-CWR-LGI
Williams v. Madison County,
Mississippi et al

JURY,LGI,TRIAL_SET

### U.S. District Court

### Southern District of Mississippi

**Notice of Electronic Filing**

The following transaction was entered on 5/2/2025 at 6:53 AM CDT and filed on 5/2/2025
**Case Name:**        Williams v. Madison County, Mississippi et al
**Case Number:**      3:23-cv-02982-CWR-LGI
**Filer:**
**Document Number:** 71

**Docket Text:**
**ORDER Governing Settlement Conference set for 6/10/2025 Signed by Magistrate Judge LaKeysha Greer Isaac on 5/2/25 (MJ)**

**3:23-cv-02982-CWR-LGI Notice has been electronically mailed to:**

Charles E. Cowan    cec@wisecarter.com, ejs@wisecarter.com

Meagan Guyse    meg@wisecarter.com

**3:23-cv-02982-CWR-LGI Notice has been delivered by other means to:**

Darius Williams
Bradshaw State Jail
3900 West Loop 517 N
Henderson, TX 75653

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1081288797 [Date=5/2/2025] [FileNumber=7108005-0]
[63a64064b7802eac94f00721f6e0ae8e567e42753812933c3ba139edaadbbb696f5e
35740db3d69ff838a6bfddc4ca1b119019ec9c6b18d1987dbf6081962a2e]]

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

DARIUS WILLIAMS                                                                    **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 3:23-cv-02982-CWR-LGI**

MADISON COUNTY, MISSISSIPPI, et al.                                      **DEFENDANTS**

## ORDER

A settlement conference in this matter is scheduled for Tuesday, June 10, 2025 at 2:00

p.m. in **Courtroom 6D, United States Courthouse, 501 E. Court Street, Jackson, Mississippi.**

A settlement conference requires serious and thorough preparation. In accordance with

Local Rule 16(g)(3), this Order sets out the procedures that the parties are to follow in preparing

for the settlement conference, and the procedures that the Court will typically employ in

conducting the conference. Counsel must provide a copy of this Order to their clients, and discuss

these procedures with them before the settlement conference.

1. **PRIOR SETTLEMENT NEGOTIATIONS REQUIRED**. The settlement

conference is not a vehicle to facilitate *the commencement* of settlement negotiations. The Court

expects the parties to have *recently* exchanged **at least one written settlement demand and one**

**written settlement offer**.   To wit, at least fourteen (14) days before the settlement conference the

plaintiff must serve on the defendant a written settlement proposal, which must include a specific

demand amount. The defendant must respond to the plaintiff in writing with a specific offer

amount. This exchange must occur within the specified time period, regardless of whether the

parties have engaged in prior negotiations.  The parties should not file or otherwise copy the Court

on these exchanges. Rather, the parties must include their written settlement proposals in their

respective Confidential Settlement Memoranda to the Court, which are due seven (7) days prior to

1

the settlement conference. The parties must employ these discussions with the intent that the case actually be settled, if possible, without court participation. In other words, the parties and their counsel have an affirmative, good faith duty to take settlement discussions as far as reasonably possible without the assistance of the court.

2. **ATTENDANCE OF PARTIES REQUIRED.** Unless the Court allows otherwise by separate order, **parties with full settlement authority are required to attend the conference in person**. If a party is an individual, that individual must personally attend; if a party is a corporation or governmental entity, a representative of that corporation or governmental entity (other than counsel of record) with full settlement authority must personally attend; and if a party requires approval by an insurer to settle, then a representative of the insurer with full settlement authority must attend in person. The presence of the parties and their direct participation in the discussions and "give and take" that occur materially increase the chances of settlement. Moreover, a "few minutes of observation of the parties in the courtroom is more informing than reams of cold record." *Ashcraft v. Tennessee*, 322 U.S. 143, 171 (Jackson, J., dissenting). Thus, absent a showing of extraordinary circumstances[1], the Court will not permit a client or an insurance adjuster merely to be available by telephone. If extraordinary circumstances arise, counsel shall contact Judge Isaac's chambers with a written request to excuse a person's presence; said request shall set forth the extraordinary circumstances necessitating the request. **All participants in the settlement conference must be prepared to stay until at least 5:00 p.m. (Central Standard Time), unless the Court opts to terminate the conference earlier.**

3. **FULL SETTLEMENT AUTHORITY.** The Court reserves a substantial block of

---

[1] In all but the rarest instances, the time and expense of travel to the Southern District of Mississippi shall not be considered an extraordinary circumstance.