**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DARIUS WILLIAMS**                                                           **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:23-cv-02982-CWR-LGI**

**MADISON COUNTY, et al.**                                       **DEFENDANTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court *sua sponte* for consideration of dismissal based on Plaintiff's failure to prosecute and failure to comply with this Court's orders. After consideration of the record and relevant legal authority, the undersigned recommends that this civil action be dismissed without prejudice for failure to prosecute and failure to comply with this Court's orders.

**I.**     **BACKGROUND**

On October 3, 2023, *pro se* Plaintiff Darius Williams ("Plaintiff"), filed a Complaint [1] against Madison County, Deputy John Love, Deputy John McDonald, and Sheriff Randy Tucker. On March 28, 2025, the Court entered an Order, granting Defendants' Motion [66] to Compel. *See* Text-only Order, dated 03/28/2025. In its Order, "the Court note[d] Plaintiff failed to respond to the [66] Motion… Plaintiff [was] ordered to supplement and verify his discovery responses within 14 days of th[e] order, by April 11, 2025…" *Id.* A copy of said Order was mailed to *pro se* Plaintiff at the address listed on the docket.

On May 1, 2025, the Court entered an Order to Show Cause, directing Plaintiff to show cause by May 8, 2025, as to why he had failed to timely respond to the Court's prior order and as to why this case should not be dismissed for his failure to obey this Court's orders. Order to Show

Cause, Doc. [70]. A copy of the order was mailed to *pro se* Plaintiff at the address listed on the docket. On May 27, 2025, this Order [70] was returned to the Court as undeliverable. *See* Doc. [73], [74] On May 20, 2025, after receiving no response from Plaintiff, this Court entered a Final Order to Show Cause, by May 27, 2025, as to why this case should not be dismissed for Plaintiff's failure to obey this Court's prior orders. Final Order to Show Cause, Doc. [72]. On June 3, 2025, the Final Order to Show Cause [72] was also returned to the Court as undeliverable. *See* Doc. [75].

This Court has given Plaintiff multiple opportunities to comply with its orders. Plaintiff has failed to properly supplement his discovery responses as ordered, and he has failed to respond to either of the Court's orders to show cause. The time to respond has passed.

II.  **ANALYSIS**

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or follow a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action *sua sponte* to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Id.* Dismissal for failure to prosecute "operates as an adjudication upon the merits," Fed. R. Civ. P. 41(b), and is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630.

The Court warned Plaintiff that it may dismiss this action without prejudice if he did not timely respond to the Show Cause Order or the Final Order to Show Cause. Plaintiff has not responded to either. The undersigned therefore recommends dismissal of this case without prejudice, under Rule 41(b) for failure to prosecute and for failure to obey the Court's orders. Plaintiff failed to supplement his discovery responses as this Court ordered. *See* Text-only Order, dated 03/28/2025. Therefore, *sua sponte* dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.

Further, Plaintiff's mail was returned undeliverable on May 27, 2025, as to the Order to Show Cause [70] and on June 3, 2025, as to the Final Order to Show Cause [72].The undersigned also recommends dismissal based on Plaintiff's failure to advise this Court of his change of address. This Court has reason to believe Plaintiff was released from custody but failed to provide the Court with an updated address. *See* Staff note, dated 5/28/2025 (noting "Chamber's staff contacted the prison listed on the docket and learned that Plaintiff was released from custody on 2/28/2025. Mr. Williams has not provided the Court with an updated address"). Additionally, on May 28, 2025, after the Court received three pieces of mail returned as undeliverable to Plaintiff, this Court cancelled the settlement conference. In its notice of cancellation, this Court noted, "the Court does not have a current address for Mr. Williams, in order to communicate with him regarding the Court's orders governing participation in the settlement conference." *See* Notice of Cancellation, dated May 28, 2025.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 14th day of August, 2025.

/s/LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE